UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANY POENG; NARY POENG, | Civil No. 09cv1844 L(BLM) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS THE COMPLAINT [doc. #3]** |
| v. | |
| CHASE; BANK OF AMERICA, | |
| Defendants. | |

Defendant JPMorgan Chase Bank, N.A.'s[1] moves to dismiss plaintiffs' *pro se* complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant also contends that plaintiffs should be required to provide a more definite statement because of the vague and uncertain allegations. Plaintiffs have failed to respond to the motion to dismiss. "If an opposing party fails to file [an opposition], that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c). The Court will, however, review the motion to dismiss on the merits.

/ / /

/ / /

---

[1] Defendant assert that defendant JPMorgan Chase Bank, N.A. was erroneously sued as "Chase". JPMorgan Chase Bank acquired certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver which included Washington Mutual's interest in plaintiffs' loans.

**1.     Background**

Plaintiffs executed an adjustable rate note on their home in March 2005, with Washington Mutual Bank but contend that they did not understand the interest computation or its "inherent volatility" because defendant did not explain the loan.  (Complaint at 3.)   They also obtained a home equity line of credit in connection with the subject property which was recorded on October 2, 2007.  A notice of default was recorded on March 25, 2009 and a Notice of Trustee's Sale was recorded on July 10, 2009.

This action was originally brought in the Superior Court for the State of California, County of San Diego and was removed on the basis of federal question jurisdiction.  Plaintiffs assert violations of the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); Home Ownership and Equity Protection Act of 1994 ("HOEPA"); the Fair Debt Collection Practices Act ("FDCPA"); breach of fiduciary duty; and breach of the covenant of good faith and fair dealing.  Also set forth as causes of action are plaintiffs' request for injunctive relief and declaratory relief.  All claims are alleged against both named defendants but Bank of America has not been served with the complaint.

JPMorgan filed a motion to dismiss all causes of action for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

**2.    Discussion**

Defendant argues that the first cause of action for TILA violations is time barred. The applicable statute of limitations for a claim for damages under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because the transaction was consummated in March 2005, and this action was filed in July 2009, plaintiffs' TILA claim is time barred. Plaintiffs have not provided any allegations in support of equitable tolling and have not filed an opposition. The Court therefore has no basis to conclude that there are grounds for equitable tolling for a sufficient period of time to make this action timely.

To the extent plaintiffs request rescission under TILA, the statute of limitations has also expired. Under 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . .." The statute of limitations for rescission expired in December 2008. Based on the foregoing, Plaintiff's TILA claim is dismissed.

Plaintiffs' second cause of action alleges that defendant violated RESPA in part by placing loans for the purpose of unlawfully increasing loan spread and other fees. (Compl. at 6.) This claim appears to be brought under 12 U.S.C. Sections 2607 – prohibition against kickbacks and unearned fees – and is time barred. RESPA provides a one-year statute of limitations for section 2607 claims, which begins to run on "the date of the occurrence of the violation." 12 U.S.C. § 2614. "The date of the occurrence" is interpreted to refer to the closing. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). The loan transaction between defendant and plaintiffs closed in March 2005. Accordingly, to the extent the RESPA claim is based on section 2607, it is barred by the statute of limitations and dismissed.

Plaintiffs also allege that defendant violated 12 U.S.C. Section 2605(b) because it transferred the servicing contract or duties without the requisite notice. Section 2605(b) requires a mortgage servicer to "notify the borrower of assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. 2605(b)(1).[2] Plaintiffs do not allege sufficient facts in support of this claim to meet the notice pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure. Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the existence of a claim for relief. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). This calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim. *Id*. Plaintiffs' complaint falls short of this requirement because it does not allege whether loan servicing was ever transferred to or by defendant. Accordingly, plaintiffs' RESPA claim under section 2605 is dismissed.

Defendant maintains that the third cause of action based on HOEPA violations is time barred under 15 U.S.C. 1640(e). The statute of limitations runs from the date of consummation of the transaction unless plaintiffs show that equitable tolling suspends the limitations period until they discovered or had reasonable opportunity to discover the fraud or nondisclosure that forms the basis of the claim. *King*, 784 F.2d at 915. The HOEPA claim is based on the allegation that the loan was placed without regard to plaintiffs' income or cash flow and with the intent to induce default. Plaintiffs allege that they became aware of this when defendant wrongfully foreclosed on plaintiffs' property. But plaintiffs do not provide any facts to explain their discovery of the alleged violation some three years after the loan closed and a substantial time after they stopped making payments. To the extent plaintiffs allege that their discovery of the violation was delayed because they were defrauded or misled by defendant, they must allege the circumstances constituting fraud with particularity required by Federal Rule of Civil Procedure 9(b) and all remaining facts as required by Rule 8(a). Accordingly, the HOEPA claim is time barred because plaintiffs fail to allege sufficient facts to support equitable tolling.

---

[2]  The statute of limitations for section 2605 violations is three years. 12 U.S.C. § 2614.

Defendant's motion to dismiss the third cause of action is granted.

Plaintiffs' fourth cause of action for FDCPA violations alleges that defendant is a debt collector from whom plaintiffs requested validation of the debt. According to plaintiffs, defendant failed to respond to plaintiffs' request for validation of the debt. Defendant maintains that this claim should be dismissed because it is not a debt collector under FDCPA. FDCPA exempts from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Plaintiffs do not allege whether defendant ever became the mortgage servicer on plaintiffs' mortgage before or after they defaulted. It is therefore not clear whether FDCPA applies in this case at all. Furthermore, plaintiffs allege that defendant violated the debt validation procedure set forth at 15 U.S.C. § 1692g by not responding to their demands. Plaintiffs do not allege sufficient facts to meet the notice pleading requirements of Rule 8(a) because they do not allege sufficient facts regarding defendant's status as a debt collector under 15 U.S.C. Section 1692a(6). In addition, plaintiffs do not explain what demands they made and what defendant did that failed to comply with the requirements of 15 U.S.C. Section 1692g. Accordingly, plaintiffs' FDCPA claim is dismissed.

Defendant moves to dismiss the fifth cause of action which alleges that it breached its fiduciary duty because it acted for its own benefit in negotiating the loan and continued to act for its own benefit. A lender-borrower relationship does not give rise to a fiduciary duty. *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989). Plaintiffs do not allege any facts to support the legal conclusion that a fiduciary duty exists between them as the borrower and defendant as the lender. Plaintiffs have therefore failed to allege sufficient facts to meet the notice pleading requirements of Rule 8(a). Accordingly, the breach of fiduciary duty claim is dismissed.

In the sixth cause of action plaintiffs alleges that defendant breached the implied covenant of good faith and fair dealing because it failed to "safeguard, protect, or otherwise care for the assets and rights of Plaintiff." (Compl. at ¶ 45.) This theory of liability appears to be based on

the existence of a fiduciary duty between plaintiffs and defendant, and is dismissed for the same reasons the fifth cause of action is dismissed.

Plaintiffs also allege that defendant breached the covenant because it commenced foreclosure proceedings against plaintiffs' property. (Compl. at ¶ 45.) But an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract, *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 374 (1992), and does not impose an affirmative duty on a party to forbear from enforcing rights expressly given under the contract, *Price*, 213 Cal. App. 3d at 479. Foreclosing on a security interest pursuant to a contractual right generally does not constitute a breach of the implied covenant of good faith and fair dealing. *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44 (2002). Accordingly, defendant's motion to dismiss the sixth cause of action is granted.

In the seventh cause of action for injunctive relief and eighth cause of action for declaratory relief plaintiffs seek a determination of the Property ownership and a declaration regarding the legal status and validity of the loan and deed of trust. Plaintiffs do not allege any additional facts in support of these causes of action, but incorporates by reference all the preceding claims. They are therefore derivative of the remaining causes of action. Defendant's motion to dismiss the seventh and eighth causes of action is granted because all the remaining claims have been dismissed.

Based on the foregoing, defendant JPMorgan's motion to dismiss is **GRANTED**. The Court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. at 1052. Accordingly, plaintiffs are **GRANTED LEAVE TO AMEND**.

If plaintiffs choose to amend pursuant to this order, the amended complaint must be

complete in itself without reference to the superseded pleading.  *See* CIV. L.R. 15.1.  Defendants not named and claims not re-alleged are waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant JPMorgan's motion to dismiss plaintiffs' complaint is **GRANTED WITH LEAVE TO AMEND**.

2. If plaintiffs choose to file an amended complaint, they must file and serve it no later than **August 20, 2010**.  Defendant shall file and serve any response to the amended complaint within the time set in Rule 15(a)(3).

**IT IS SO ORDERED.**

DATED: August 3, 2010

                                                        
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL